**Teodoro GUERRERO–VENEGAS, aka Juan Pablo Quinones–Guerrero, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 15–70914

United States Court of Appeals, Ninth Circuit.

Submitted September 13, 2016 *

Filed September 19, 2016

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

894 (9th Cir. 2003). We deny the petition for review.

Guerrero–Venegas' contention that the agency violated its own regulations governing the pleading stage of proceedings fails for lack of prejudice, because he does not dispute the factual basis for removability. *See Kohli v. Gonzales*, 473 F.3d 1061, 1066 (9th Cir. 2007) (petitioner must demonstrate that he was prejudiced by the agency's violation of its own regulation); 8 C.F.R. § 1240.10.

We reject Guerrero–Venegas' contention that the BIA issued an order of removal in the first instance.

**PETITION FOR REVIEW DENIED.**

Seth L. Reszko, Reza Athari & Associates, PLLC, Las Vegas, NV.

Anh–Thu Mai–Windle, OIL, Washington, DC, Chief Counsel ICE, San Francisco, CA.

Before: HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

### MEMORANDUM **

Teodoro Guerrero–Venegas, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Iturribarria v. I.N.S.*, 321 F.3d 889,

**Rosendo BLANCO–BAUTISTA, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 15–70946**

United States Court of Appeals, Ninth Circuit.

*See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.